Lazara RODRIGUEZ, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 11–14112.

United States Court of Appeals,
Eleventh Circuit.

Oct. 24, 2012.

Ricardo Corona, The Corona Law Firm,
Miami, FL, for Petitioner–Appellant.

Robert G. Davies, U.S. Attorney's Of-
fice, Pensacola, FL, Dustin M. Davis, Wi-
fredo A. Ferrer, Anne Ruth Schultz, U.S.
Attorney's Office, Miami, FL, Terry
Flynn, U.S. Attorney's Office, Tallahassee,
FL, Brett Meltzer, U.S. Attorney's Office,
Gainesville, FL, for Respondent–Appellee.

Before DUBINA, Chief Judge, PRYOR
and ANDERSON, Circuit Judges.

PER CURIAM:

After the instant appeal, this court is-
sued its decision in *Figuereo–Sanchez v.
United States*, 678 F.3d 1203 (11th Cir.
2012). There, we held that the Supreme
Court decision in *Padilla v. Kentucky*, 559
U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284
(2010), is not retroactively applicable to
cases on collateral review. For this rea-
son, Appellant is not entitled to relief pur-
suant to the writ of error *coram nobis.*
*See United States v. Swindall*, 107 F.3d
831, 834 (11th Cir.1997) (holding that a
rule of law which is not retroactively appli-
cable to cases on collateral review is
"clearly outside the extremely limited
scope of a writ of error *coram nobis*").
Even if Appellant were deemed to be in
custody for purposes of § 2255 (as the
Government has conceded), Appellant
would be entitled to no relief under § 2255
for the reasons set out in the controlling
opinion in *Figuereo–Sanchez.*[1]

AFFIRMED.

1. Alternatively, we hold on the instant facts
that any writ of *coram nobis* would be un-
timely in light of Appellant's 25–year delay.
Appellant's argument in this case is not mere-
ly that her counsel failed to inform her with
respect to the immigration consequences.
Rather, her assertion is that counsel actually
misinformed her in that regard. Therefore,

her argument was not foreclosed, because our opinion in *United States v. Campbell*, 778 F.2d 764 (11th Cir.1985), held that an attorney's actual erroneous advice with respect to the immigration consequences in such a context could rise to the level of ineffective assistance of counsel. Accordingly, the ineffective assistance of counsel claim which Appellant asserts in the instant petition has been available to Appellant since the issuance of our *Campbell* decision. Appellant's extensive delay would render any petition for the writ of *coram nobis* untimely.